940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Clay PERRY and Steve's Discount Drugs, Defendant-Appellants.
 No. 90-1825.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1991.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Stephen Clay Perry appeals the jury verdict entered against him for mail fraud, brought under 18 U.S.C. Sec. 1341 and unlawful distribution of controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1) and (4)(A). Specifically, defendant contends: (1) that the court improperly permitted a Drug Enforcement Agency ("DEA") Diversion Investigator and Licensed Pharmacist to give impermissible opinion testimony; (2) that the trial court erred in failing to dismiss the mail fraud counts at the close of the government's evidence; (3) that the trial court erred in charging the jury; and (4) that the failure of the court to make sure that certain "bench conferences" were recorded violated the Court Reporters Act, 28 U.S.C. Sec. 753(b). For the reasons stated below, defendant's conviction is affirmed.
 
 I.
 
 2
 On October 27, 1987, DEA Agent Kristina Riddle obtained an administrative search warrant for the records at Steve's Discount Drugs, a pharmacy owned and operated by defendant Stephen Perry. Pursuant to an audit of defendant's inventory of controlled substances, Agent Riddle discovered that there was a large number of unaccounted for drugs. Further investigation revealed that many of the prescriptions that were filled at defendant's pharmacy had been forged.
 
 
 3
 Independent of the DEA's investigation, Blue Cross and Blue Shield ("Blue Cross") Investigator Michael Moyle began an investigation of defendant for improperly billing Blue Cross for prescriptions which were never filled. Shortly after Moyle's investigation began, FBI Agent Diane Ruffino received information that defendant was distributing controlled substances without prescriptions. After discovering that defendant was already being investigated by the DEA and Blue Cross, Agent Ruffino focused her investigation on establishing fraud.
 
 
 4
 Defendant and his business were eventually indicted by a federal grand jury on 46 Counts of unlawful distribution of controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1); 1 Count of failure to keep records, in violation of 21 U.S.C. Sec. 843(a)(4)(A); and 34 Counts of mail fraud, in violation of 18 U.S.C. Sec. 1341. At trial, defendant testified in his own defense, claiming that he had been a victim of several break-ins during which controlled substances were stolen from his pharmacy and records were destroyed. Defendant also testified that certain prescriptions had been authorized over the phone, by doctors' staff, and that there had been a record keeping error incorrectly naming one of the doctors who had prescribed medication. Defendant was convicted on all counts and sentenced to concurrent terms of five years on Counts 1 through 48. He was also sentenced to concurrent terms of 24 months on Counts 49 through 82 to run consecutively with the sentence imposed for Counts 1 through 48. The corporation was fined a total of $34,000 and ordered to make restitution to Blue Cross.
 
 II.
 
 5
 Defendant argues that the court erroneously permitted Agent Riddle and the government's expert witness, pharmacist Gerald Bodendistal, to give opinion testimony concerning ultimate issues of fact and law. We review a district court's rulings on the admission of evidence under the "abuse of discretion" standard. See United States v. Hickey, 917 F.2d 901, 905 (6th Cir.1990).
 
 A.
 
 6
 Defendant first objects to Agent Riddle's testimony that the same combination of drugs repetitively prescribed to the members of a single family, tended to indicate a lack of legitimate medical purpose. Although defendant argues that Agent Riddle was a "lay" witness, we disagree. Agent Riddle had previously testified that she had been a "diversion investigator" charged with investigating the illegal prescription of pharmaceutical drugs with the DEA since 1982. Her experience clearly qualified her to testify concerning the "modus operandi" of illegal pharmaceutical drug trafficking. Cf. United States v. Seelig, 622 F.2d 207, 213 (6th Cir.), cert. denied, 449 U.S. 869 (1980) ("DEA" compliance officer was properly allowed to testify to the routine practices of pharmacists); United States v. Dunn, 846 F.2d 761, 762-63 (D.C.Cir.1988) (law officer's expert testimony that "modus operandi" of defendant's business was typical of drug distributors); United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988) (expert testimony that evidence indicated use of defendant's apartment as a "stash pad" properly admitted). Although Agent Riddle's testimony bore on an "ultimate fact," it did not cross that fine line between permissible opinion testimony concerning "modus operandi" and definitive assertions of defendant's guilt.
 
 B.
 
 7
 Defendant next contends that pharmacist Gerald Bodendistal impermissibly testified that he believed it was unusual: that defendant used a large number of wholesalers and distributors to supply his pharmacy; that a number of controlled substances were missing from defendant's store; that defendant failed to notify the DEA of alleged thefts of drugs; and that certain drugs were prescribed together. We find these matters to be precisely within the realm of permissible expert testimony allowable under Fed.R.Evid. 702. See United States v. Green, 548 F.2d 1261 (6th Cir.1977).
 
 
 8
 Defendant further objects to two instances were Bodendistal testified that the "law" requires a pharmacist not to fill prescriptions when it is not for a "legitimate medical purpose." This court has repeatedly held that a trial judge should not normally delegate his duty to determine the law of a case to an expert, especially when such testimony will result in juror confusion or unfair prejudice. See Molecular Technology Corp. v. Valentine, 925 F.2d 910, 919 (6th Cir.1991); United States v. Zipkin, 729 F.2d 384, 387 (6th Cir.1984). However, because defendant failed to interject an objection at this point in the testimony or request a curative instruction, we hold that he has waived his right to object to this testimony on appeal. See United States v. Jackson, 778 F.2d 933, 942 n. 3 (2d Cir.1985), cert. denied, 479 U.S. 910 (1986).
 
 III.
 
 9
 Defendant argues that the court's failure to rule on its motion for a "directed verdict" at the close of the government's proofs is reversible error. Technically, the trial court should have treated defendant's directed verdict motion as a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29. Although we have held that it is error to reserve ruling on a Rule 29(a) motion made at the close of the government's case, we have also recognized that such error will not result in a reversal if it is harmless. United States v. Reifsteck, 841 F.2d 701, 703 (6th Cir.1988). Such an "error is harmless if at the close of the government's case in chief the evidence viewed in the light most favorable to the government was sufficient to permit submission of the case to the jury." Id.
 
 
 10
 In this case, defendant asserts that at the close of the government's case, it had failed to prove that the fraudulent checks were sent to Blue Cross through the United States mails as required under "mail fraud" violations charged in Counts 48 through 82. However, Mr. Moyle, an investigator for Blue Cross, testified that "all of those checks and vouchers were sent through the U.S. Mail." Mr. Moyle was not cross-examined on this point, and no objection was made as to foundation, personal knowledge or the like. We believe that this testimony was sufficient to establish the mailing requirement under 18 U.S.C. Sec. 1341. See United States v. Matt, 838 F.2d 1356 (5th Cir.), cert. denied, 486 U.S. 1035 (1988) ("Proof of the use of the mails may be direct or circumstantial."). Thus, we find that the court's failure to rule on defendant's motion for a directed verdict was harmless error.
 
 IV.
 
 11
 Although defendant did not object to any of the jury instructions at the time, he now argues that the court gave a flawed instruction on the "presumption of innocence" and that the court erred by failing to give an additional instruction specifying that the defendant has no burden of producing evidence.
 
 
 12
 We have held that absent "exceptional circumstances" where an instruction was so clearly incorrect that it probably produced a "grave miscarriage of justice," we will not consider alleged errors in the jury instructions raised for the first time on appeal. United States v. Piccolo, 723 F.2d 1234, 1241 (6th Cir.1983) (en banc), cert. denied, 466 U.S. 970 (1984). No such exceptional circumstances exist here. Further, we find that the court's instructions, taken as a whole, adequately charged the jury on the presumption of innocence and the appropriate burden of proof. See United States v. Saussy, 802 F.2d 849, 853 (6th Cir.1986), cert. denied, 480 U.S. 907 (1987).
 
 V.
 
 13
 Finally, defendant argues that the failure of the court to ensure certain bench conferences were recorded by the court reporter constitutes reversible error. However, defendant has made no showing, absent his unilateral and unsubstantiated allegations, that he made any effort to determine the nature or content of the "off-the-record" discussions. Thus, the court's failure to ensure that those discussions were made part of the record may not be used as a justification for reversing defendant's conviction. See Unites States v. Gallo, 763 F.2d 1504 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986) (new counsel on appeal must show a "reasonable but unsuccessful effort to determine the substance of the off-the-record remarks and the nature of a claimed error" in order to justify reversal).
 
 VI.
 
 14
 For all the foregoing reasons, defendant's conviction is AFFIRMED.